UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY WITHERELL,

    Plaintiff,

v.                                        Case No. 8:17-cv-2806-T-CPT

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

## **ORDER**

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

The Plaintiff was born in 1965, has a tenth-grade education, and has past relevant work experience as a waitress, a fast-food manager, an inspector of surgical instruments, and a bonding machine-type operator. (R. 45-47, 59-60). In December 2014, the Plaintiff applied for DIB, alleging disability as of September 6, 2012, due to anxiety, depression, fibromyalgia, rheumatoid arthritis, and both thyroid- and kidney-

related problems. (R. 87-88). The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. (R. 87-119).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on November 2, 2016. (R. 40). The Plaintiff appeared at that hearing with a non-attorney representative and testified on her own behalf. (R. 40-57, 66-68). A vocational expert (VE) also testified. (R. 57-66).

In a decision dated December 21, 2016, the ALJ found that the Plaintiff: (1) met the insured status requirements on September 30, 2014, and had not engaged in substantial gainful activity from her alleged onset date through her date last insured; (2) had the severe impairments of fibromyalgia, obesity, spine disorders, anxiety disorder, affective disorder, hypertension, hypothyroidism, migraine headaches, vitamin D deficiency, Achilles enthesophyte and calcaneal spur, and degenerative disc disease of the cervical spine; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform sedentary work subject to various limitations; and (5) based in part on the VE's testimony, could not perform her past relevant work but was capable of performing other jobs that exist in significant numbers in the national economy. (R. 23-33). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 33).

The Appeals Council subsequently denied the Plaintiff's request for review. (R. 1-7). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a); 416.905(a).[1] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is eligible for either DIB or SSI, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018)[2] (citing 20 C.F.R. § 404.1520(a)(4)); 20 C.F.R. § 416.920(a)(4). Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to perform past relevant work; and (5) can perform other work in the national economy given her RFC, age, education, and work experience. *Carter*, 726 F. App'x at 739 (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004), 20 C.F.R.

---

[1] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

§§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. *See* 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Although no deference is given to the Commissioner's legal conclusions, her findings of fact "are conclusive if they are supported by 'substantial evidence.'" *Doughty*, 245 F.3d at 1278 (11th Cir. 2001) (quotation and citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Hargress*, 883 F.3d at 1305 n.2 (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may not decide

the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)).

III.

The Plaintiff raises two arguments on appeal: (1) the ALJ erred in assessing her subjective complaints, including, of relevance here, those related to her fibromyalgia; and (2) the ALJ erred in evaluating the lay evidence offered by the Plaintiff's husband and neighbors.[3] (Doc. 14 at 14-30). The Commissioner counters that the ALJ properly considered and analyzed the evidence relative to both of these claims. (Doc. 14 at 18-40).

Upon a thorough review of the record and the parties' submissions, the Court finds that the Plaintiff's first claim has merit, warranting reversal and remand for further proceedings.

In this Circuit, a plaintiff's subjective complaints are governed by the "pain standard." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Under this standard, the claimant must show: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Id.* (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)).

---

[3] The Court has reordered the Plaintiff's arguments for purposes of its analysis. The Plaintiff supplemented her arguments by way of a reply brief filed with the Court's permission. (Docs. 17, 19).

5

Where a claimant satisfies this "pain standard," the Regulations require that the ALJ then evaluate the intensity and persistence of the symptoms to determine how they limit the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c), 416.929(c). Relevant factors in this regard include the objective medical evidence; evidence of factors that precipitate or aggravate the claimant's symptoms; the medications and treatments available to alleviate the claimant's symptoms; how those symptoms affect the claimant's daily activities; and the claimant's past work history. *Id*. A "claimant's subjective testimony supported by medical evidence that satisfies the [pain] standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (citations omitted).

Although an ALJ must consider a claimant's complaints of pain, she "may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). If the ALJ elects not to credit the claimant's subjective testimony, however, she must articulate explicit and adequate reasons for her decision. *Dyer*, 395 F.3d at 1210 (quotation and citation omitted). A reviewing court will not disturb an ALJ's clearly articulated credibility finding that is supported by substantial evidence in the record. *Foote*, 67 F.3d at 1562 (citation omitted).

As noted, the Plaintiff's first claim of error centers on the ALJ's evaluation of the Plaintiff's fibromyalgia—a condition the ALJ deemed severe—and its limiting effects. Fibromyalgia "is 'characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least [three] months.'"

*Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987-88 (11th Cir. 2015) (quoting Social Security Ruling (SSR) 12-2p, 2012 WL 3107612 (July 25, 2012)).

In evaluating fibromyalgia, an ALJ must use the same pain standard as set forth above. *Id*. As one court in this Circuit has noted, however, fibromyalgia presents "unique problems" in this respect. *Reliford v. Barnhart*, 444 F. Supp. 2d 1182, 1186 (N.D. Ala. 2006). Quoting the Seventh Circuit's opinion in *Sarchet v. Chater*, 78 F.3d 305 (7th Cir. 1996), the court in *Reliford* explained:

> [F]ibromyalgia, also known as fibrositis—[is] a common, but elusive and mysterious, disease, much like chronic fatigue syndrome, with which it shares a number of features. Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.

444 F. Supp. 2d. at 1186-87.

The Eleventh Circuit highlighted these problems in *Somogy v. Comm'r of Soc. Sec.*, and explained that because fibromyalgia "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms," the "hallmark" of this condition is "a lack of objective evidence." 366 F. App'x 56, 63 (11th Cir. 2010) (per curiam) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). In *Somogy*, the Eleventh Circuit also drew from the Second Circuit's opinion in *Green-Younger v. Barnhart*, 335 F.3d 99 (2d Cir. 2003), in which the court advised that, given the subjective nature of fibromyalgia, "physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." 335 F.3d at 108-09 (quotation

omitted). Courts within this Circuit have taken heed of the Eleventh Circuit's admonitions in *Somogy*. *See, e.g., Smith v. Astrue*, 2012 WL 2912658, at *5 n.3 (M.D. Fla. June 25, 2012) (noting that joint and muscle examinations of an individual with fibromyalgia typically produce normal findings) (citing Harrison's Principles of Internal Medicine, 1706-07 (Kurt J. Isselbacher et al., eds., 13th ed. 1994)).

SSR 12-2p provides guidance on how the SSA develops evidence to establish that a claimant's fibromyalgia is a medically determinable impairment (MDI) and how it will evaluate this impairment in a disability claim. 2012 WL 3017612. Of relevance here, SSR 12-2p states that, "[a]s in all claims for disability benefits, [the SSA] need[s] objective medical evidence to establish the presence of an MDI" and "[t]here must be medical signs and findings that show that the person has an MDI[,] which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at *43642-43. This ruling, moreover, advises that "[i]f objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms," the SSA will consider all of the record evidence, including the person's daily activities, medications, treatments, and statements by third parties about the person's symptoms. *Id.* at *43644.

Against this backdrop, the Court turns to the ALJ's analysis of the Plaintiff's subjective complaints related to her fibromyalgia and her other MDIs. After acknowledging her duties under the Eleventh Circuit's pain standard, the ALJ found that, although all of these impairments "could reasonably be expected to cause the alleged symptoms," the Plaintiff's "statements concerning the intensity, persistence,

and limiting effects of [her] symptoms are not entirely consistent" with the evidence of record. (R. 28-29). The objective evidence upon which the ALJ relied in discounting the Plaintiff's fibromyalgia-related symptoms consisted of negative radiological images taken of the Plaintiff in 2011, as well as the Plaintiff's treatment records from 2014 and 2015 that generally revealed a normal range of motion, normal muscle strength, the absence of swelling, and intact motor strength, sensation, and reflexes. (R. 29).

The ALJ's undue emphasis on the lack of objective findings in evaluating the Plaintiff's fibromyalgia-related reports conflicts with the well-established case law of this Circuit and constitutes error. The fact that the ALJ's decision does not indicate that she considered the import of certain examination findings that consistently revealed tenderness throughout the Plaintiff's body only exacerbates this error. (R. 29); *see Kendrick v. Astrue*, 2010 WL 883819, at *3 (M.D. Fla. Mar. 8, 2010) ("An individual's described symptoms, accompanied by tender points on his or her body, generally drive a diagnosis of fibromyalgia.") (citation omitted); *Reliford*, 444 F. Supp. 2d at 1187 (noting that tender areas or trigger points that cause pain upon palpitation can provide objective verification of the presence of fibromyalgia) (citing *Sarchet*, 78 F.3d 305).

As for the opinion evidence concerning the Plaintiff's fibromyalgia, the ALJ also erred by according "little weight" to the opinion of an advanced registered nurse practitioner (ARNP), Deborah Vaccarello, who treated the Plaintiff in conjunction with a physician, Dr. Peter Jacobson. (R. 361). The SSA ruling governing an ALJ's consideration of opinion evidence offered by medical sources draws a distinction

between "acceptable medical sources" and "other medical sources." SSR 06-03p, 2006 WL 2329939, at *2 (Aug. 9, 2006) (explaining how the SSA assesses opinions from different types of evidentiary sources); 20 C.F.R. §§ 404.1513, 416.913. Because nurse practitioners fall into the latter category, their opinions are not presumptively entitled to controlling weight. SSR 06-03p, 2006 WL 2329939, at *2. Nonetheless, the SSA has stated that nurse practitioner opinions are "important," in recognition of the fact that, "[w]ith the growth of managed health care," medical sources such as nurse practitioners "have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *3. Accordingly, SSR 06-03p instructs ALJs to evaluate the opinions of "other medical sources" on "key issues such as impairment severity and functional effects." *Id.* To this end, SSR 06-03p lists certain factors that an ALJ may apply to their opinions, including the length of the relationship between the source and the claimant, the frequency of such visits, the consistency of the opinions with the other evidence, the degree to which the source explains and presents evidence to support the opinion, and the source's specialty. *Id.* at 5.

Here, the ALJ discounted ARNP Vaccarello's opinion because: (1) she was not an "acceptable medical source," and (2) her assessments of the Plaintiff's functional capacity were not consistent with the objective medical evidence from the relevant time period. (R. 31). While it was appropriate for the ALJ to note that ARNP Vaccarello was not an "acceptable medical source," the ALJ's decision to afford her opinion "little weight" because it was not consistent with the aforementioned objective

medical evidence was improper for the reasons discussed above. *See, e.g., Smith v. Astrue*, 2011 WL 5026218, at *20 (N.D. Fla. Sept. 16, 2011) ("It would be error to discount [the doctor's] opinion in reliance on a lack of objective medical evidence to support [p]laintiff's description of the degree of pain that she experiences from fibromyalgia.").

The ALJ's credibility determination regarding the Plaintiff's fibromyalgia-related complaints is further flawed due to the fact that the ALJ's evaluation of ARNP Vaccarello's opinion does not reflect consideration of the other SSR 06-03p factors. *Cf. Frizzell v. Comm'r of Soc. Sec.*, 2017 WL 4242027, at *9 (M.D. Fla. Sept. 25, 2017) (finding that substantial evidence supports ALJ's statement that limitations described in medical source opinion on fibromyalgia were inconsistent with majority of medical records that showed plaintiff was in no acute distress; had no headaches, pain, or aches; responded well to medication; did not seek out pain management; and was independent in activities of daily living); *Hollinger v. Colvin*, 2015 WL1470697, at *7 (S.D. Ala. Mar. 31, 2015) (deeming sufficient ALJ's decision to discount opinions of "other medical sources" that were belied by their own treatment notes and plaintiff's own reports of her activity level).

As a result, the Court finds that the ALJ's evaluation of the Plaintiff's subjective reports of her fibromyalgia symptoms is fatally deficient. *See Morgan v. Comm'r of Soc. Sec.*, 2015 WL 1311062, at *7 (Mar. 24, 2015) (concluding that deficiencies within ALJ's decision relative to his evaluation of plaintiff's fibromyalgia in accordance with

SSR 12-2p deprived court of the ability to determine whether his ultimate decision on the disabling effects of that impairment is adequately supported).

While the Commissioner attempts to justify the ALJ's assessment of the Plaintiff's fibromyalgia-related evidence on grounds other than those stated by the ALJ (Doc. 14 at 32-33), the Court is loath to accept such post-hoc rationalizations on appeal where they lack support within the four corners of the ALJ's decision. *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 871-72 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

Because an ALJ's evaluation of a claimant's subjective reports of her symptoms is critical in a case where allegations of disability are based on fibromyalgia, the deficiencies in the ALJ's review of the relevant evidence here require remand. *See Howard v. Hartford Life and Acc. Ins. Co.*, 563 F. App'x 658, 663 (11th Cir. 2014) ("Given the subjective nature of [plaintiff's] diagnoses, credibility in this case is of utmost importance.") (citing *Moore*, 405 F.3d at 1211-12)); *Pons v. Berryhill*, 2018 WL 4656406, at *7-8 (N.D. Fla. Sept. 27, 2018) (highlighting ALJ's repeat references to lack of objective evidence supporting plaintiff's fibromyalgia allegations and the importance of credibility findings in such cases in concluding that remand is necessary).

In light of the above, the Court need not address the Plaintiff's remaining claims of error. *See Demench v. Sec'y of Dep't of Health and Human Services,* 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2

(11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings). On remand, the Commissioner should reassess the entire record, providing sufficient reasons and readily-identifiable evidentiary support for her decision.

IV.

For the foregoing reasons, it is hereby ORDERED:

1) The Commissioner's decision is REVERSED and REMANDED for further proceedings before the Commissioner consistent with this Order.

2) The Clerk is directed to enter Judgment in favor of the Plaintiff and to close the case.

3) The Court reserves jurisdiction on the matter of attorney's fees and costs pending further motion.

DONE and ORDERED in Tampa, Florida, this 28th day of March 2019.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record